UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RYLEY GRIFFIN,**

    **Plaintiff,**                                      **CASE NO.:**

vs.

                                                             **JURY TRIAL DEMANDED**

**HEALTH FIRST, INC. d/b/a HEALTH FIRST'S
HOLMES REGIONAL MEDICAL CENTER and
ADVANCED COLLECTION BUREAU, INC.,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**COMES NOW**, the Plaintiff, Ryley Griffin, by and through his undersigned counsel, and brings this action against the Defendants, Health First, Inc. d/b/a Health First's Holmes Regional Medical Center ("Health First") and Advanced Collection Bureau, Inc. ("ACB") and in support alleges as follows:

**INTRODUCTION**

1. This is an action brought by a consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S. Code § 1692 *et seq.* ("FDCPA") and the Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 et seq.

2. This is the second time Plaintiff has had to sue on the same debt collection practices for the same debt. *See Griffin v. Health First, Inc. et al.*, 6:22-cv-1745-WWB-LHP (M.D.F.L., filed Sept. 23, 2022).

3. Plaintiff is seeking the remedies he is entitled under the above-listed statutes for statements made by Defendants in their attempts to collect on a medical debt he does not owe.

1

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges federal claims and requires the resolution of substantial question of federal law.

5. Moreover, this case is a civil action arising under the law of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. In addition, the Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

7. Venue in this District is proper because this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Venue is also proper in this District because the acts and transactions occurred here, Plaintiff resides here as a college student, and Defendants transact business here.

## PARTIES

8. Plaintiff, RYLEY GRIFFIN, is a natural person who resides in Saint Johns, St. Johns County, Florida, but attends college in Melbourne, Brevard County, FL and is a "consumer" as that term is defined by Fla. Stat. §559.55(8) and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

9. Defendant Health First is a medical conglomerate that runs hospitals such as Health First's Holmes Regional Medical Center, based in Rockledge, Brevard County, Florida, and is a "person" subject to Florida Statutes, Section 559.72.

10. Defendant Advanced Collection Bureau, Inc,. is a medical debt collection company also based in Rockledge, FL that regularly collects medical debts owed to others. It is a "debt collector" as that term in defined by 15 U.S.C. §1692a(6) and a "person" " subject to Florida Statutes, Section 559.72.

11. At all material times herein, Defendants attempted to collect a consumer debt incurred by Plaintiff (the "Debt"). Specifically, the Debt was a medical debt incurred from an ER Hospital visit.

12. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

13. At all material times herein, Defendant is a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Sections 559.55(5), (7); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

14. At all material times herein, Defendants' conduct, with respect to the debt complained of, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 U.S.C. §1692a(2).

## **GENERAL ALLEGATIONS**

15. At all materials times herein, Plaintiff Griffin was and is a 22-year-old college student in Melbourne, FL that is covered for medical expenses by his parents' health insurance.

16. On or about March 25, 2022, Mr. Griffin dislocated his shoulder and had to be rushed to the emergency room at Holmes Regional Medical Center, a hospital operated by Defendant Health First.

17. From this ER Visit, Mr. Griffin incurred a medical bill, Defendant Health First sent to him on or about April 12, 2022. ***See Exhibit A.***

18. The April 12, 2022 bill listed a total gross bill of approximately $4,154.09. However, the Defendant Health First adjusted the bill to $1,038.52. ***See Exhibit A.***

19. The bill then goes on to state "If you have insurance coverage, please contact us

immediately so that we can bill your carrier for you." ***See Exhibit A.***

20. On or about April 25, 2022, Plaintiff Griffin called Defendant Health First and provided his health insurance information, to pay the remaining balance of the bill. The agent for Health First affirmed this information and stated that the insurance would be billed the balance owed.

21. On or about May 7, 2022, Defendant Health First sent a second bill, again demanding a full payment of $1,038.52. ***See Exhibit B.***

22. Again, on May 23, 2022 on or around 2:13pm, Plaintiff and his mother called Defendant to provide insurance information again. Defendant's agent accepted the information again and said that the insurance would be billed.

23. Between May 23, 2022 and September 7, 2022, Defendant Health First sent the Plaintiff's Debt to debt collections with collector Preferred CMS.

24. On or about September 7, 2022, Preferred CMS, as debt collection agent of Health First, sent Plaintiff a debt collection communication demanding payment of $2,121.19. Not only did this debt collection letter fail to include the reduction for insurance payment, but also the amount owed *increased by over 100%.* And, according to the communication, this was not due to interest or fees.

25. As a result of this false increase in amounts owed, Plaintiff Griffin filed suit in the Middle District of Florida, Orlando Division for violations of the FDCPA and FCCPA. *See Griffin v. Health First, Inc. et al.*, 6:22-cv-1745-WWB-LHP (M.D.F.L., filed Sept. 23, 2022).

26. The parties to the first lawsuit settled on or about December 1, 2022.

27. On or about the first week of January 2023, Defendant Health First, Inc. engaged Defendant ACB to collect on Plaintiff Griffin's already settled debt.

28. On January 6, 2023, Defendant ACB sent a debt collection letter demanding payment of $2,121.19 of the same settled debt. *See Exhibit C, Debt Collection Letter.* The Health First account number, date of treatment, and original balance all match the settled medical debt.

29. Defendants knew or should have known that the Plaintiff's debt had been waived *by them* and that they had no legal right to collect on this debt, in violation of the FCCPA and FDCPA.

30. At all material times herein, Defendants act as themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

31. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

## COUNT I
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat.
## (HEALTH FIRST)

32. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

33. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat.

34. Defendant Health First, by hiring a debt collector to collect on a debt it willingly waived and settled, violated the FCCPA.

35. By claiming the above amounts as due and failing to follow an agreement between the parties, Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

    a. "…willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7); and

    b. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist" §559.72(9).

36. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain on top of recovery from his injury.

37. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

38. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

39. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Griffin prays that the Court grant the following relief in favor of Plaintiff and against Defendant Health First:

    a)     For actual damages;

    b)     For compensatory damages;

    c)     For statutory damages;

 d) For punitive damages;

 e) For attorney's fees and costs incurred in this action;

 f) For such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Section 559.55 et seq., Fla. Stat. (ADVANCED COLLECTION BUREAU, INC.)

40. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

41. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by and Section 559.55(1), Fla. Stat.

42. On January 6, 2023, Defendant ACB sent a debt collection letter to Plaintiff demanding payment of a debt that it knew or should have known from Defendant Health First's account notes was *not owed* by Plaintiff. ***See Exhibit C.***

43. By claiming the above amounts as due, Defendant is, was subject to, and has violated provisions of Fla. Stat. §559.72 by:

 a. "…willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. §559.72(7); and

 b. "Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist" §559.72(9).

44. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff and caused him unnecessary personal strain on top of recovery from his injury.

45. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

46. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

47. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Griffin prays that the Court grant the following relief in favor of Plaintiff and against Defendant Advanced Collection Bureau, Inc.:

   a)   For actual damages;

   b)   For compensatory damages;

   c)   For statutory damages;

   d)   For punitive damages;

   e)   For attorney's fees and costs incurred in this action;

   f)   For such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATIONS OF THE FDCPA
## (ADVANCED COLLECTION BUREAU, INC.)

48. Plaintiff incorporates by reference paragraphs one (1) through thirty-one (31) of this Complaint as though fully stated herein.

49. This is an action seeking relief for violation of the FDCPA to recover statutory and actual damages under 15 U.S.C.A. § 1692k(a)(2)(B) and attorney's fees and the costs of this action under 15 U.S.C.A. § 1692k(a)(3).

50. The collection communication by Defendant ACB is a "communication" as that term is defined by 15 U.S.C. § 1692a(2). *See Exhibit C.* At all material times herein, Plaintiff's debt was a consumer debt as defined by the FDCPA, 15 U.S.C.A. § 1692a(5).

51. At all material times herein, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C.A. § 1692a(3).

52. At all material times herein, Defendant was a "debt collector" as defined by 15 U.S.C.A. § 1692a(6).

53. By making false statements about the amount due, despite actual knowledge of debt waiver/settlement from Health First, Defendant violated:

    a. 15 U.S.C. §1692e, generally ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt), and

    b. 15 U.S.C. §1692d, generally ("A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt").

54. As a direct and proximate result of Defendant's FDCPA violations, Plaintiff has been harmed. Plaintiff is entitled to statutory damages, actual damages including emotional damages and any money paid to Defendant on the improper debt under 15 U.S.C. § 1692k(a)(2)(B) and attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

55. For the purpose of the claims brought in this action, the applicable standard under the FDCPA is "the least sophisticated" consumer test. *See Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172-75 (11th Cir. 1985).

**WHEREFORE**, Plaintiff prays that the Court grant the following relief in favor of Plaintiff and against Defendant ACB:

a) For actual damages;

b) For compensatory damages;

c) For statutory damages;

d) For punitive damages;

e) For attorney's fees and costs incurred in this action;

f) For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

### SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence – paper, electronic documents, or date – pertaining to this litigation as required by law.

Dated this 10th of January, 2023.

**STORY | GRIFFIN**

/s/ Austin Griffin, Esq.
MAX STORY, ESQ.
Florida Bar No.: 527238
AUSTIN J. GRIFFIN, ESQ.
Florida Bar No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff